**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAMES D. HALLINAN

          Plaintiff**,**

                                **Case No.:** `12-cv-2280 RDR/KGS`

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

          Defendant.

---

## COMPLAINT AND JURY DEMAND

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

## PARTIES

8. Plaintiff James D. Hallinan is a natural person.

9. Plaintiff resides in the City of Lansing, County of Leavenworth, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, Portfolio Recovery Associates, L.L.C. is a foreign corporation.

13. Defendant's Kansas resident agent is National Registered Agents, Inc. of KS, 2101 S.W. 21st Street, Topeka, Kansas 66604.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiff's brother or some other unknown person allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the Account.

22. The Plaintiff requests that the Defendant cease all further communication on the Account.

23.	The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

24.	The Plaintiff is represented by the undersigned attorney regarding the subject debt.

25.	In the year prior to the filing of the instant action the Defendant, acting through its representatives, employees and/or agents, made telephone calls to the Plaintiff, and left voicemail messages for the Plaintiff.

26.	Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

27.	Upon information and belief, Defendant kept and possesses written documentation and/or computer records of telephone calls between Plaintiff and Defendant's representatives.

28.	The purpose of these communications was to attempt to collect the Account.

29.	The communications conveyed information regarding the Account directly or indirectly to the Plaintiff.

30.	The telephone calls, letters and voicemails each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31.	The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff or sent letters to the Plaintiff was to attempt to collect the Account.

32.	During the telephone calls representatives, employees and/or agents of the Defendant, after advised that he was not the person whom they were seeking,

caused Plaintiff's telephone continuously to ring, multiple times per day, with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

33.    During the telephone calls representatives, employees and/or agents of the Defendant, after advised that he was not the person whom they were seeking, repeatedly engaged Plaintiff in conversation, multiple times per day, with the intent to annoy, abuse and harass Plaintiff in violation of 15 U.S.C. § 1692d preface and d(5).

34.    During the telephone calls representatives, employees and/or agents of the Defendant failed to identify itself as a debt collector or that it was attempting to collect a debt in violation of 15 U.S.C. § 1692e preface and e(11).

35.    As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## **PRAYER**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.    Actual damages under 15 USC § 1692k(a)(1).

2.    Statutory damages under 15 USC § 1692k(a)(2)(A).

3.    Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4.    A finding that Defendant violated the FDCPA.

5.    Such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
9400 Reeds Road Ste 210
Overland Park, KS  66207
913-451-9797
Fax 913-451-6163
mark@meinhardtlaw.com

ATTORNEY FOR PLAINTIFF